CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/29/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 4:03-cr-70134 |
| v. | **MEMORANDUM OPINION** |
| RODNEY WILSON,<br>*Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Rodney Wilson's motion to reduce his sentence pursuant to the First Step Act of 2018. Dkt. 551. Defendant asks that his sentence be reduced from Life to 240 months. *Id*. The Government opposes Defendant's motion and requests that in any event, Defendant's sentence not be reduced to less than time served. Dkt. 560. For the reasons stated herein, the Court will grant Defendant's motion in part and deny it in part, reducing Defendant's term of imprisonment to 360 months, but not less than time served.

Background

1. *Underlying Criminal Charges and Sentence*

On October 7, 2004, a Roanoke grand jury returned a 13-count superseding indictment against Defendant Rodney Wilson and others. Dkt. 192. Defendant was charged with one count of conspiring to distribute or possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One); seven counts of aiding and abetting in the distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Eight); and one count of possessing a firearm after having been convicted of a felony, in violation

of 18 U.S.C. § 922(g)(1) (Count Twelve).[1] *Id.* On December 14, 2004, the Government filed an information pursuant to 21 U.S.C. § 851 notifying Defendant that he was subject to enhanced penalties based on a prior felony drug distribution conviction. Dkt. 224.

On October 9, 2003, Defendant pled not guilty to the charges. Dkt. 69. On December 17, 2004, a jury found Defendant guilty on all counts of the superseding indictment. Dkt. 240. On April 8, 2005, after finding the Defendant had an offense level of 44 and a criminal history category of III, the Court sentenced Defendant to a custodial sentence of Life for Counts One through Eight and 120 months for Count Twelve, all to run concurrently, and with a ten-year term of supervised release to follow. Dkt. 276. On September 24, 2009, the Court denied Defendant's motion to reduce his sentence pursuant to Amendment 706 to the U.S. Sentencing Guidelines, finding that the amendment did not reduce the offense levels for those involving at least 4.5 kilograms of crack cocaine. Dkt. 430. On December 13, 2013, the Court also denied Defendant's motion to reduce his sentence pursuant to Amendment 750 to the U.S. Sentencing Guidelines, finding that Defendant's base and total offense levels were not modified by the amendment. Dkt. 516.

Defendant brought the instant motion to reduce his sentence pursuant to the First Step Act of 2018 on March 25, 2019. Dkt. 551. Defendant is now 48 years old and has served approximately 177 months in prison. The motion is now fully briefed and ripe for review.

## Legal Framework

Section 404(b) of the First Step Act, the provision under which Defendant seeks relief, states that:

> Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the

---

[1] The superseding indictment also charged Wilson with one count of using or possessing a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), but this count was subsequently dismissed on the Government's motion prior to trial. Dkt. 227, 228.

> attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. A later provision, Section 404(c), states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222. In other words, the First Step Act gives the district courts discretion whether to afford relief to eligible defendants. *United States v. Gravatt*, 953 F.3d 258, 261 (4th Cir. 2020); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019). Whether a defendant is "eligible" to move for relief under the First Step Act depends on whether he committed a "covered offense"—there is no other "eligibility requirement" beyond that "threshold question." *Gravatt*, 953 F.3d at 262.

Modifications of sentences pursuant to the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states that "[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See also Wirsing*, 943 F.3d at 183 ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). And, in determining a defendant's eligibility under § 3582(c)(1)(B), a court "must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Wirsing*, 943 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(1)(B)).

Even where a court has the *authority* to consider a defendant's request to modify his sentence, that does not end the inquiry. The question remains whether the defendant has shown

3

that a reduced sentence under the First Step Act is warranted. *See United States v. Venable*, 943 F.3d 187, 194–95 (4th Cir. 2019) (distinguishing between the court's holding that a district court had authority to resentence a defendant, and whether the defendant was entitled to the exercise of such authority); *Gravatt*, 953 F.3d at 262 (even if a defendant is "eligible" to move for relief, that "does not mean the defendant is entitled to relief under the Act," rather, "[i]t only means that his motion is entitled to be considered on the merits").

Covered Offense

This Court will first consider whether Defendant has committed a "covered offense" within the meaning of the First Step Act.

The Government argues that Defendant is not eligible for a reduction pursuant to the First Step Act because the Presentence Investigation Report ("PSR") adopted by this Court at sentencing states that the offense involved a drug quantity over the revised threshold. Dkt. 560 at 8 (citing *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The Government acknowledges that this Court has previously rejected this argument, but raises it for preservation on appeal. Dkt. 560 at 8, n.2. Since this matter was briefed, the Fourth Circuit has held that, irrespective of the drug weight actually attributable to a defendant at sentencing, a defendant "is eligible to seek relief under the First Step Act when, before August 3, 2010, he committed a violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii), and the statutory penalties for that statute were modified by Section 2 of the Fair Sentencing Act." *Wirsing*, 943 F.3d at 186 (cleaned up). This is because, by the Fourth Circuit's interpretation, "the First Step Act's definition of 'covered offense' … refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'" *Id.* at 185.

Because Defendant was convicted of violations of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(B), the offense was committed before August 3, 2010, and the applicable penalties were modified by section 2 of the Fair Sentencing Act, Defendant is eligible for a reduction pursuant to the First Step Act.

<u>Consideration of Request to Modify Defendant's Sentence</u>

The question remains whether Defendant has shown that a reduced sentence under the First Step Act is warranted. *See Venable*, 943 F.3d at 194–95. Defendant contends that a reduction is warranted by the First Step Act and by the Section 3553(a) sentencing factors, because of post-sentencing conduct and intervening changes in the applicable U.S. Sentencing Guidelines. Namely, at Defendant's sentencing hearing, the Court found Defendant had an offense level of 44 and a criminal history category of III. However, the Court did not make a determination as to the drug weight attributable to Defendant—it did not choose to credit the jury's finding that Defendant should be held responsible for 1.5 kilograms of cocaine base, nor the PSR's finding that he was responsible for 47 kilograms.[2] At the time Defendant was originally sentencing, the difference was immaterial to Defendant's guideline calculation in 2005 under U.S.S.G. §§ 2D1.1(a)(5) and (c)(1)–(4)—both rendered a guideline range of Life on Counts One through Eight. But today the two drug quantities carry starkly different guideline ranges for Defendant's drug distribution offenses—that is, Life versus 295–365 months, keeping Defendant's Career Offender status and other enhancements equal. *See* Dkt. 548 at 17.

The Government asserts that the Court should exercise its discretion and deny the Defendant relief "in light of the drug weight [found in the PSR], the fact that the guideline range

---

[2] The Government contends that the Court did in fact adopt the PSR's drug weight finding of 47 kilograms at Defendant's 2005 sentencing hearing, but this is not reflected in the transcript of the hearing. *See* Dkt. 546.

applicable to him has not changed, and the fact that he would remain subject to the higher penalties if he had been prosecuted after the enactment of the Fair Sentencing Act." Dkt. 560 at 11. In this respect, the Government argues that a sentence reduction will constitute an "unjustified windfall" to Defendant based solely on the date of his prosecution, thereby creating sentencing disparities. *Id.* The Government asserts that in the three years between enactment of the Fair Sentencing Act and the decision in *Alleyne*, courts imposed higher statutory minimum penalties under the Fair Sentencing Act "based on their own conclusions regarding drug quantity" and that this Court should, in effect, do the same to avoid unwarranted sentencing disparities in accord with 18 U.S.C. § 3553(a)(6). *Id.* The Government similarly argues that a variance below the amended Guidelines range (of Life) should not be granted in order to ensure parity with defendants who were sentenced after the Fair Sentencing Act and were not eligible for consideration of sentences below the Guidelines range under U.S.S.G. Amendment 782 because of U.S.S.G. § 1B.10(b)(2)(A) (prohibiting a reduction below the minimum of the amended guideline range).

Unlike the retroactive crack or other drug sentencing relief that came before it, the First Step Act grants wider latitude to sentencing courts when imposing a reduced sentence. The prior relief proceeded under 18 U.S.C. § 3582(c)(2) and was based on Sentencing Commission Guidelines reductions which were subject to limitations such as U.S.S.G. § 1B.10(b)(2)(A) & (B). In contrast, the First Step Act, operating through 18 U.S.C. § 3582(c)(1)(B), directly authorizes a court, in its discretion, to impose a reduced sentence subject to the statutory minimums of the Fair Sentencing Act's thresholds for the covered offenses. *See United States v. Valentine*, No. 1:99-cr-01-2, 2019 WL 2754489, at *5 (W.D. Mich. July 2, 2019).

Even assuming that the drug weight identified in the PSR may be properly attributed to Defendant, the Court declines to follow the Government's suggestion that it decline to reduce

6

Defendant's sentence because the recalculated advisory Guidelines range would be Life. In determining a sentence reduction under the First Step Act, a court considers all relevant section 3553(a) factors, as noted above. The Court, therefore, will consider whether a reduced sentence that would otherwise be a downward variance in sentence is warranted and, if so, how much Defendant's sentence should be reduced. The Court agrees with other courts in this District that have reduced sentences below an unchanged amended Guidelines range pursuant to the First Step Act. *E.g.*, *United States v. Hughes*, No. 1:08CR00024-035, dkt. 3698 (W.D. Va. Apr. 5, 2019) (Jones, J.) (reducing sentence below the Guidelines range, which was unchanged due to defendant's continuing status as a career criminal).

The Court has reviewed the PSR, the addendum to the PSR prepared in connection with Defendant's First Step Act motion, and the parties' arguments and submissions. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) ("[I]t is highly relevant – if not essential – to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant'' life and characteristics" (internal quotation marks, citations and alterations omitted)). At sentencing, the Court found Defendant to have been a leader in an extensive conspiracy involving crack cocaine (cocaine base) and to have possessed several dangerous weapons. His Criminal History Category was III, and his life sentence was driven primarily by his Offense Level and the then-mandatory guidelines.

Defendant is now 48 years old and has served approximately 177 months in prison. He has received just two disciplinary charges during this time, both for relatively minor, nonviolent conduct (refusing to obey an order and "insolence") in 2006. *United States v. Chambers*, --- F.3d ---, 2020 WL 1949249, at *6 (4th Cir. Apr. 23, 2020) (holding that post-sentencing conduct is properly considered in a First Step Act motion to reduce sentence). Defendant remains married,

and represents that he would reside with his wife and two daughters upon release. Defendant has never been convicted of a violent crime, and has no issues of alcohol or drug dependency. Dkt. 548, 551-1.

After consideration of the Section 3553(a) factors, including the history and characteristics of Defendant, the need to afford adequate deterrence to criminal conduct, and to promote respect for the law, as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence of imprisonment to 360 months, but not less than time served, is sufficient but not greater than necessary in case. In the Court's opinion, a greater sentence is not required to prevent unwarranted departures when compared with similar sentences in this era. All other terms of the original sentence will remain the same, including Defendant's ten-year term of supervised release to begin after his release from BOP custody.

## Conclusion

Defendant is eligible for a reduced sentence under the First Step Act, and, considering the facts of this case and the Section 3553(a) factors, the Court finds that a reduction of Defendant's sentence is warranted, although to a lesser degree than Defendant requests. This Court will, in an accompanying Order to follow, grant in part and deny in part Defendant's motion.

Entered this 29th day of July, 2020.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE